# DISSENTING OPINION

No. 04-09-00237-CR

Victorino Camargo **GUTIERREZ**,
Appellant

v.

**STATE** of Texas,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 920451
Honorable Brenda Chapman, Judge Presiding[1]

Opinion by:    Karen Angelini, Justice
Dissenting opinion by: Steven C. Hilbig, Justice

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Steven C. Hilbig, Justice

I agree with the majority's analysis and resolution of all issues except for the majority's conclusion that the trial court's error in failing to order a presentence investigation affected appellant's substantial rights. I believe that under the facts of this case, the error did not affect his substantial rights.

A non-constitutional error does not affect a defendant's substantial rights if, after examining the entire record, a reviewing court "has fair assurance that the error did not have a substantial *and* injurious effect or influence in determining the jury's verdict." *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004). In conducting a harm analysis, we are to consider the "character of the error and its relationship to other evidence." *Schutz v. State*, 63 S.W.3d 442 , 444 (Tex. Crim. App. 2001).

---

[1] Former judge, sitting by assignment

The majority concludes Gutierrez was harmed because the trial judge failed to comply with the Texas Code of Criminal Procedure by either having a presentence report prepared or explaining on the record why she had sufficient information to permit the "meaningful exercise of sentencing discretion." TEX. CODE CRIM. PROC. ANN. art. 42.12 § 9 (Vernon Supp. 2009). The majority acknowledges the trial judge had sufficient information about the circumstances of the offense and Gutierrez's criminal and social history, but concludes the trial court erred because it did not have before it a "proposed client supervision plan describing programs and sanctions that the community supervision and corrections department would provide the defendant if the judge suspended the imposition of the sentence or granted deferred adjudication." *See id.* § 9(a). Without further analysis or explanation, the majority simply holds it cannot not either presume the judge had knowledge of such programs and sanctions or that Gutierrez was not harmed by such lack of knowledge. This is the point where I diverge from the majority's analysis.

Gutierrez would be harmed if the trial judge's lack of knowledge of programs and sanctions available under a sentence of community supervision caused the trial judge to not grant Gutierrez probation. Stated another way, the majority's holding necessarily implies that the judge's lack of knowledge of such programs and sanctions had a substantial and injurious effect upon his sentence. However, this presumes the trial judge would have considered probation a viable sentencing option. This was hardly likely based on the evidence in the record. There was evidence at the punishment hearing that Gutierrez had three prior convictions for driving while intoxicated. Despite trial testimony that he had consumed eight beers the night of his arrest, Gutierrez testified during the punishment hearing that he was not intoxicated that night and he disagreed with the jury's verdict

because he was "not drunk." It is highly unlikely a judge would sentence an unremorseful, fourth-time DWI offender to probation, regardless of any available program or sanction.

And this court can certainly take judicial notice of the trial judge's experience. An appellate court may take judicial notice of a fact without a request from the parties. *See* TEX. R. EVID. 201; *Zarychta v. State*, 44 S.W.3d 155, 165 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd), *cert. denied*, 535 U.S.1105 (2002). Judge Chapman served for eight years as the judge of a county court-at-law in Comal County, stepping down from that bench in 2006. Since that time she has served as a visiting judge in Bexar County on several occasions. A simple search of our court records indicates that this court has handled at least five criminal matters where Judge Chapman served as a visiting judge in the county courts-at-law in Bexar County. From her service as a judge, it is reasonable to infer that Judge Chapman has knowledge of the programs and sanctions available to DWI offenders in conjunction with a sentence of community supervision. *See VanNortrick v. State*, 227 S.W.3d 706, 709-10 (Tex. Crim. App. 2007) (discussing appropriate inferences reviewing court may draw from record when conducting a harm analysis).

Based on the record as a whole, I would hold that the trial court's failure to have the presentence report and its "proposed client supervision plan" did not affect Gutierrez's sentence and therefore did not affect his substantial rights. Accordingly, I would affirm the judgment of the trial court.

Steven C. Hilbig, Justice

Publish